Steven R. AVENDANO, Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner, Social Security Administration, Defendant–Appellee.

No. 06–15661.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2008.**

Filed Feb. 20, 2008.

---

\* Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously find this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Mark Ross Caldwell, Esq., Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, Esq., Office of The U.S. Attorney, Phoenix, AZ, Jean M. Turk, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

### MEMORANDUM ***

Steven R. Avendano appeals the district court's denial of his summary judgment motion and grant of summary judgment for the Commissioner of Social Security. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we review the district court's holding de novo, *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir.2007). We reverse and remand with instructions to remand to the Commissioner for further administrative proceedings to reconsider, consistent with this disposition, whether Avendano is disabled and entitled to benefits.

Avendano argues that the ALJ improperly rejected the opinion of a psychologist who actually examined Avendano in favor of a reviewing psychologist who did not. We agree. "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Widmark v. Barnhart,* 454 F.3d 1063, 1066 (9th Cir.2006) (internal quotation marks omitted).

The non-examining consultant, Dr. Enos, filled in a check-box form and wrote some sketchy notes at the end of it. Having never examined Avendano himself, Dr. Enos relied on a report of a 2002 telephone interview by a disability office worker who noted that Avendano "sounded ok—I didn't detect anything in his voice that sounded depressed." Dr. Enos also attached significance to a note in a medical report from 2002. Dr. Enos wrote: "[c]urrently in treatment Superior medical clinic. Now saying 'history of depression' which suggests that cl[ai]mant is responding." Premised on this evidence, Dr. Enos checked a box on a preprinted form indicating that "Impairment(s) Not Severe;" next to that, Dr. Enos wrote "as of 4/03." He also checked the box that read, "Impairment(s) Severe But Not Expected to Last 12 Months."

The ALJ should not have rejected the opinions of the doctors who actually exam-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ined and treated Avendano in favor of Dr. Enos's conclusion based on someone else's report that Avendano did not sound depressed in one particular phone call, and on his dubious conclusion that "history of depression" suggests current improvement.

If we take as true the evidence discredited by the ALJ, there is still a need to walk through steps three through five of the disability analysis and, therefore, we must reverse and remand with instructions to remand for further administrative proceedings to reconsider, consistent with this disposition, whether Avendano is disabled and entitled to benefits.

**REVERSED and REMANDED with instructions to REMAND for further administrative proceedings.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.